■ NATIONAL BANK OF NORTH AMERICA, Appellant, v MARSAN MANAGEMENT, INC., et al., Respondents. — Order, Supreme Court, New York County (P. J. McQuillan, J.), entered April 15, 1982 denying plaintiff's motion for summary judgment, is unanimously reversed, on the law, with costs, and plaintiff's motion for summary judgment with respect to the first and second causes of action in the complaint is granted, and judgment directed in favor of plaintiff against both defendants for the sum of $13,598.28 with interest at 1% in excess of plaintiff's prime commercial rate from February 18, 1981, and the third cause of action is severed and continued. In the event of dispute as to the amount of plaintiff's prime commercial rate, a hearing shall be held to determine that amount. Appeal from order, Supreme Court, New York County (R. W. Wallach, J.), entered March 1, 1983 is dismissed as nonappealable, without costs. Even where a written instrument is ambiguous on its face "in the absence of any tender in the motion papers of extrinsic evidence to resolve the ambiguity, the issue is one of law to be determined by the court" (*Olson Enterprises v Agway, Inc.*, 55 NY2d 659, 661; accord *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290). Here the body of the note says in words and figures that the principal is "Sixteen Thousand Two Hundred ($16,200) Dollars"; that the note is due "Ninety Days after date," the date of the note being "11/20, 1980." These recitals control over the inconsistent figures at the bottom of the note, apparently not part of the note proper but in the nature of marginal notations, giving the figure of "16,000" and a due date of "2/18/82," both obviously being clerical errors. (See, also, Uniform Commercial Code, § 3-118, subd [c].) Defendant Saposnick's contention that his guarantee was given in connection with a loan request in September, 1979, which was denied, is conclusively refuted by the documentary evidence which shows that a loan was granted at that time, and that the present obligation is the result of a continuous course of renewals and increases of loans to defendant Marsan. As conceded by plaintiff and supported by its ledger, the

principal amount still owed at the time of the institution of the suit was $13,598.28. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Alexander, JJ.